This is an appeal from a judgment of the Hudson County Court entered on a motion to dismiss, made at the close of plaintiffs' case.
Carmella Segro (herein referred to as "plaintiff") and her husband sought to recover damages on the charge that she was injured by defendant's negligence. The dismissal was based upon the grounds (1) that there was no evidence that defendant was negligent and (2) that plaintiff was guilty of contributory negligence as a matter of law.
We think the action of the trial court was erroneous.
Plaintiff's testimony was to the effect that she, a passenger in defendant's trolley, sought to alight therefrom and that, although the door was open for her exit, the step remained in an upright position, as a result of which she fell to the street and was injured. Defendant's contention, that plaintiff's testimony did not amount to a statement that the step was in an upright position before she fell, is not sustained by a fair reading of the record. The evidence was sufficient to preclude a dismissal.Whalen v. Consolidated Traction Co., 61 N.J.L. 606 (E. A.
1898).
Defendant argues that, since plaintiff testified that she made no observation before alighting, she was guilty of contributory negligence. Her first observation was apparently made after she had committed herself to a forward motion *Page 523 
out of the vehicle. It cannot be said as a matter of law that plaintiff was contributorily negligent in assuming that the step was in the position in which it should have been.
Judgment is reversed and the cause is remanded for retrial.